IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES W. MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:11-CV-1148-M |
| BBVA COMPASS BANK f/k/a COMPASS | § | |
| BANK, WELLS FARGO & COMPANY, | § | |
| WELLS FARGO BANK, N.A., WELLS | § | |
| FARGO HOME MORTGAGE, INC., and S. | § | |
| LEE STEVENSON, JR., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court is Plaintiff's "Emergency Application for Temporary Injunction" [Docket Entry #7], seeking to prevent Defendants from evicting Plaintiff from his residence. Given the immediacy of Plaintiff's request, the Court construes the Emergency Application as a Request for Temporary Restraining Order, under Federal Rule of Civil Procedure 65(b), which may be issued without notice. The Request for Temporary Restraining Order is **DENIED**.

According to the verified facts set forth in Plaintiff's Original Complaint and application for injunctive relief, the 162nd Judicial District Court, in Dallas County, Texas, entered an order on March 25, 2011, permitting Defendants BBVA Compass Bank and S. Lee Stevenson to foreclose on Plaintiff's residence. On April 24, 2011, Plaintiff filed a motion for new trial in the 162nd Judicial District Court. On May 2, 2011, the court denied the motion for new trial. On May 3, 2011, BBVA and Stevenson foreclosed on Plaintiff's residence. On May 5, 2011, Plaintiff appealed the state court orders permitting foreclosure and denying his motion for new trial.

On May 31, 2011, Plaintiff filed his Original Complaint in this Court, alleging denial of due process; wrongful foreclosure; violations of the Texas Deceptive Trade Practices Act, Texas Debt Collections Act, and Fair Debt Collection Practices Act; and fraud; and sought to quiet title.

Defendants initiated eviction proceedings in Justice of the Peace Court, of Dallas County, Texas, and an eviction hearing is set in that court on June 14, 2011. On June 8, 2011, Morris requested a Temporary Restraining Order from this Court, seeking an order before June 14 to prevent Defendants from evicting him from his residence.

Morris's claim for wrongful foreclosure is based on Defendants allegedly making "unlawful representations" in state court, misrepresenting the actual holder in due course, not following the "stringent steps required by" the Texas Property Code, and not providing the "appropriate notice as required" under the Texas Property Code. Because the issues of wrongful foreclosure and whether eviction is proper are matters already before state courts, this Court must abstain from considering those issues. *See Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* abstention doctrine minimizes federal court interference with ongoing state court proceedings. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Therefore, this Court must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Middlesex County*, 457 U.S. at 432; *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). *Younger* abstention is appropriate where assumption of jurisdiction by a federal court would interfere with pending state civil proceedings. *Word of Faith World Outreach Center Church v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).

There are four exceptions to the *Younger* abstention doctrine, which Morris has the burden of establishing: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger v. Harris*, 401 U.S. 37, 46–54 (1971)); *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

Here, the state foreclosure action is a prior pending state court proceeding that is directly related to the dispute that Morris seeks to bring to federal court. Additionally, Texas courts have an important interest in resolving eviction and foreclosure disputes. *See Brucker v. Tax Assessor Collectors*, No. SA-11-CV-0081 FB, 2011 WL 841060, at *2 (Mar. 4, 2011 W.D. Tex.), *accepted* (W.D. Tex. Mar. 30, 2011) ("The jurisdiction of the justice of the peace court is an important state interest. . . "); Tex. Prop. Code § 24.004 (a justice court in which the real property is located has jurisdiction in eviction suits).

Plaintiff has already appealed the state foreclosure order, and, after eviction proceedings before a justice of the peace, the displaced party may appeal to the state district court to determine the question of title. Tex. R. Civ. P. 749 ("Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice [of the peace] within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him."). The state court of appeals could also enjoin foreclosure while appeal of the foreclosure is pending. *See* Tex. R. App. P. 24.1 (rule on suspension of enforcement of state court judgments); Tex. R. App. P. 24.4 ("The appellate court

may issue any temporary orders necessary to preserve the parties' rights."); Tex. R. App. P. 29.3 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security.").

Therefore, the pending state-court proceedings afford Morris an adequate opportunity to raise any challenge he may have to foreclosure or eviction. Further, Plaintiff has not proven that any exception to the *Younger* abstention doctrine applies, and the Court must thus abstain from adjudicating Plaintiff's wrongful foreclosure claim. *See Brucker*, 2011 WL 841060, at \*2, *accepted* (W.D. Tex. Mar. 30, 2011) (dismissing case based on *Younger*); *Chamberlain v. 625 Orleans*, LP, No. 1:11-CV-140, 2011 WL 1627080 (E.D. Tex. Apr. 18, 2011), *accepted*, 2011 WL 1629648 (E.D. Tex. Apr 28, 2011) (denying request for temporary restraining order to prevent eviction based on *Younger* abstention); *Smith v. Litton Loan Servicing*, LP, No. 04-02846, 2005 WL 289927, at \*5–7 (E.D. Pa. 2005) (denying request for temporary restraining order in wrongful foreclosure claim based on *Younger* abstention); *Dye v. Federal Home Loans Corp.*, No. 09-640-SLR, 2009 WL 3927125, at \*2 (D. Del. 2009) (denying request for temporary restraining order in wrongful foreclosure action based on *Younger* abstention).

Even if the foreclosure order against Morris were considered final, this Court still would not interfere with the state court proceeding. The *Rooker–Feldman* doctrine bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011). Morris attacks the underlying state court orders and his claims herein are intertwined with the state court orders. *See*

*Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 350 (5th Cir. 2003); *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). To the extent that Morris asserts a collateral attack on the orders of the 162nd Judicial District Court, this Court must abstain from granting the requested injunctive relief.

Therefore, Plaintiff's Request for Temporary Restraining Order is **DENIED**.

**SO ORDERED.**

June 10, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS