IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES W. MORRIS, | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Civil Action No.** |
| | § | **3:11-CV-01148-M** |
| BBVA COMPASS f/k/a COMPASS BANK, | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff James W. Morris, and files this his First Amended Complaint, and in support of same would respectfully show the Court as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff James W. Morris, an individual, is a resident of Dallas, Dallas County, Texas.

2.      Defendant BBVA Compass f/k/a Compass Bank is a subsidiary of Compass Bancshares, Inc., a Texas corporation with its principal place of business in Alabama.  Defendant BBVA Compass has been served and has appeared through counsel.

3.      This Honorable Court has jurisdiction under the provisions of 28 U.S.C. § 1332 because it is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Venue is proper in this Court because the property made the basis of this action (4115 La Place Drive, Dallas, Dallas County, Texas) is within this district and division.

## II. BACKGROUND FACTS

4.      Plaintiff is the owner of the property located at 4115 La Place Drive, Dallas, Texas

75220, in Dallas County ("the subject property" or "property in question"), under a deed thereto recorded in the office of the Dallas County Clerk.

5.      On or about July 24, 2006, Plaintiff executed the Equity Optimizer Credit Agreement and Disclosure, a home equity line of credit (hereinafter the "Note" or "HELOC") in favor of Compass Bank.  Plaintiff made and delivered a Homestead Lien Contract and Deed of Trust ("Trust Deed"), conveying the subject properties in trust for the purposes recited therein.  Compass Bank was identified as the "Lender" in both the Note and Deed of Trust.

6.      Compass Bank was designated for the loan to act as the representative/agent for the holders of the respective Note and the corresponding Trust Deed.  In the Notice of Substitute Trustee's Non-Judicial Sale, "Compass Bank" was identified as the servicer and BBVA, by way of its acquisition of Compass Bank, was identified the current beneficiary.

7.      Upon information and belief, Compass Bank was provided a line of credit by undisclosed warehouse lenders, pending pooling of the Note with other such instruments, and sale of the pooled instruments as securities to unknown investors, as was common industry practice.

8.      Upon information and belief, Defendant has sold and/or assigned the Note for consideration and therefore, has been reimbursed all sums advanced in connection with the Note.

9.      Upon information and belief, the Defendant's function was limited to obtaining their respective Note, in exchange for a fee, as a preliminary step to "securitization" of debt as described herein.

10.      Upon information and belief, the HELOC was pooled with similar debt pursuant to a Pooling and Servicing Agreement into a special purpose vehicle for the purpose of selling such debt as securities (i.e. residential mortgage-backed securities) to investors.  This securitization of HELOCs was common industry practice at the time the HELOC was made with Plaintiff.

11. Upon information and belief, such investors and/or the person(s) unknown who sold such mortgage-backed securities have obtained insurance against default on the underlying obligations in the form of "credit default swaps" or other similar instruments.

12. Notwithstanding the transfer of the obligation under said Note, no transferee thereof (i.e. investors unknown/special purpose vehicle) has recorded a copy of any security agreement providing any security interest in either the Trust Deed or any appropriate affidavits, pursuant to Texas Business and Commerce Code § 9.607(b), in order to perfect any right of enforcement under.

13. As a result of the transfer of the Note as part of these securities transactions, and of the lack of such recordings, Defendant is not/was not the present owner of the Note or the obligee thereon at all time relevant–including at the time of Defendant's foreclosure on the property in question. Plaintiff and, upon information and belief, Defendant, do not know who is the present owner(s) of the respect debt evidenced by the Note, or the obligees thereon.

14. Plaintiff, having a right under the Note and law to do so, demands of Defendant/Servicer, who as servicer purports to have an agency relationship with assignees of the Note and/or Trust Deed, all information and records showing transfer of such Note to determine the proper person(s) to receive payments under the Note, to negotiate payment or reinstatement of the debt, and/or obtain acknowledgment of proper application of payments.

15. Notwithstanding the above, to the extent the Note and/or Trust Deed were not securitized, Plaintiff would show that Defendant BBVA never received an assignment or transfer of the Note and/or Trust Deed from "Compass Bank" (which was a part of Compass Bancshares, Inc.–an entity which has been terminated) and therefore, had no interest therein. As a result, Defendant had no basis to foreclose and/or evict Plaintiff from the property in question.

### III.  CAUSE OF ACTION:  ESTOPPEL/ DECLARATORY JUDGMENT

16.     Plaintiff incorporates by reference paragraphs 1-15.

17.     Defendant, as alleged servicer of respective the HELOC, purports to be the agent of the alleged assignee(s) of the Note and/or Trust Deed.

18.     By permitting such representation, Defendant has the right and obligation to disclose the interests of such assignees of the HELOC as necessary to protect such interests.

19.     The failure or refusal by Defendant (and such assignees) to disclose the identity of the assignees (and information about the assignment(s)) has subjected Plaintiff, a borrower, to risks, abuses, prejudice, and to render impossible the proper discharge of the obligations on the HELOC.

20.     By way of example, Defendant's failure or refusal to disclose the true holder of the HELOC and/or Trust Deed may have caused Plaintiff to make payments to the wrong entity, and may have resulted in the improper entity (i.e. Defendant BBVA) foreclosing on the property in question.

21.     As a result of the transactions and behavior described above, Defendant and such assignees, including those served by publication herein, are estopped to assert any present default on the HELOC, or power of sale under the Trust Deed, or any right to evict.

22.     The Court should enter an Order declaring that Defendant BBVA lacks any interest or right under the HELOC and/or Trust Deed, lacked any interest in the HELOC and/or Trust Deed at the time of the foreclosure of the property in question, lacks/lacked right to act on behalf of any other entity, which may be enforced by lien upon or sale of the subject property, and lacks/lacked any right to evict Plaintiff and all occupants from the property in question.

### IV. CAUSE OF ACTION: DECLARATORY JUDGMENT

23.     Plaintiff incorporates by reference paragraphs 1-22.

24.     Plaintiff seeks declaratory judgment that Defendant BBVA:

    a)      did not know whether a default had occurred, or had been declared by the
            actual owners of the debt evidenced by the HELOC;

    b)      lacked authority to declare a default or otherwise pursue collection of the debt
            evidenced by the HELOC;

    c)      lack authority to sell the subject property or to distribute any proceeds
            thereof;

    d)      are not entitled to any of such proceeds on their own account;

    e)      cannot give trustee's deeds which were free and clear of the debt evidenced
            by the HELOC;

    f)      cannot give an enforceable release of the Trust Deed; and

    g)      lacks/lacked any right to evict Plaintiff and all occupants from the property
            in question.

25.     In the event that any investor in the debt evidenced by the HELOC, or any assignee
of an interest in the HELOC, did not obtain assignment of the Trust Deed, the obligation under the
HELOC has, to that extent, become unsecured and the HELOC and Trust Deed should not have been
foreclosed.

26.     Plaintiff could not have discovered, without the assistance of Defendant BBVA, the
identities of any assignee of any interest in the HELOC or Trust Deed, or the present holders(s) of
the HELOC, or the interest of such person as a result of any such assignment.  Plaintiff was thereby
prevented from properly discharging the obligations under the HELOC.

27.     An actual controversy exists between Plaintiff and Defendant regarding the
amenability of the subject properties to sale by Defendant, which may be resolved by the Court
pursuant to Texas Civil Practice and Remedies Code §37.003, et seq.

## V.  CAUSE OF ACTION: QUIET TITLE

28.     Plaintiff incorporates by reference paragraphs 1-27.

29.     The transfer of the Note as part of undetermined securities potentially subjects Plaintiff to multiple and unpredictable recoveries or attempts to recover against the subject property.

30.     The failure of Defendant and/or original trustee of the Trust Deed to retain any interest in the obligations under the HELOC voided any title or power they might have under the Trust Deed, and rendered the Trust Deed unenforceable by them.

31.     The inability of Plaintiff to safely discharge any lien of the Trust Deed against the subject property in favor of assignees of the HELOC and Trust Deed, and the threat of multiple recoveries or attempts to recover against the subject property, constituted a cloud on Plaintiff's title which can only be removed by requiring all such assignees to appear and assert their interests and the extent to which any obligation owing to them has not been discharged by payment, including collections on insurance against default or, failing such assertion of claims, entry of a decree of quiet title freeing the subject properties from the liens of such obligations.

32.     The Court, pursuant to Texas Civil Practice and Remedies Code § 15.011 *et seq.*, should enter an Order quieting title to the subject properties in favor of Plaintiff and against Defendant BBVA, freeing title to the subject properties of the liens of the Trust Deed and leaving any obligations under the Note unsecured by any interest in the subject property.

## VI.  CAUSE OF ACTION: REFUND, FEES AND COSTS

33.     Plaintiff incorporates by reference paragraphs 1-32.

34.     As described above, the Defendant had no right to attempt to foreclose on the property in question.  Accordingly, their pretenses of authority to foreclose, or attempt to foreclose, under the Trust Deed were fraudulent.

35.     Defendant's assertions that it holds and is entitled to enforce the obligations of the HELOC would constitute a fraud upon the Court, subjecting Defendant to sanctions and imposition of fees and costs under Texas Civil Practice and Remedies Code § 38.001.

36.     The Court should enter an Order commanding Defendant to pay to Plaintiff his fees and costs, together with reasonable attorney's fees, and to reimburse to Plaintiff unnecessary fees and charges under the HELOC and Trust Deed.

37.     Pursuant to Section 41.003 of the Texas Civil Practice and Remedies Code, Plaintiff seeks to recover exemplary damages because the harm done to them was caused, in whole or in part, by Defendant's fraud.

## VII.  JURY DEMAND

38.     Plaintiff maintains his previous request for a jury trial.

## VIII.  PRAYER

39.     WHEREFORE, Plaintiff prays that Defendant BBVA Compass be cited to appear and answer herein, and that upon final hearing, Plaintiff be awarded judgment:

A.      Declaring that Defendant lacks/lacked any interest in the subject property which permitted it to foreclose the Trust Deed, sell the subject property, and/or evict Plaintiff and all occupants;

B.      Declaring that the Trust Deed is not/was not a lien against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject properties in Plaintiff against Defendant BBVA and all claiming by, through, or under them;

C.      Refunding to Plaintiff from Defendant all fees and charges paid under the Trust Deed, and awarding Plaintiff his cost of the action, including a reasonable attorney's fee;

D.      Exemplary damages as allowed by Section 41.001, *et seq.* of the Texas Civil Practice and Remedies Code;

F.      Pre- and postjudgment interest at the maximum rate allowed by law;

G.      For such other and further relief to which Plaintiff may show himself justly entitled.


Respectfully submitted,

**DUKE LAW OFFICE, P.C.**


/s/ Walker M. Duke
_____
WALKER M. DUKE
Texas Bar No. 24036505
wduke@dukelawpc.com
2911 Turtle Creek Boulevard
Suite 300
Dallas, Texas 75219
(214) 523-9033 Telephone
(214) 515-0180 Facsimile

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2011, a true and correct copy of the foregoing instrument was forwarded to all counsel of record via the Court's electronic filing system.


/s/ Walker M. Duke
_____
**WALKER M. DUKE**