IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES W. MORRIS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | **3:11-CV-01148-M** |
| **BBVA COMPASS f/k/a COMPASS BANK,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S AMENDED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff James W. Morris and makes this, his Amended Application for Temporary Restraining Order and Preliminary Injunction.[1]   The harm sought to be enjoined–Plaintiff's eviction from his property–is scheduled to occur starting as early as 4:58 p.m. on Friday, October 7, 2011.  Accordingly, Plaintiff respectfully requests an expedited ruling.

## I. UNDISPUTED BACKGROUND FACTS

1.      On March 20, 2000, Plaintiff became an owner of the property located at 4115 LaPlace Drive, Dallas, Texas in Dallas County ("the subject property" or "property in question"), under a deed thereto recorded in the office of the Dallas County Clerk.  *See* Exhibit A.

---

[1]  Plaintiff's originally filed an instrument titled "Plaintiff's Emergency Application for Temporary Injunction."  *See* Document No. 7.  However, given the immediacy of Plaintiff's request, the Court construed it as a request for temporary restraining order under Federal Rule of Civil Procedure 65(b).  For purposes of consistency, Plaintiff's original application will be considered and referred to as an application for temporary restraining order in this document.

In its August 15, 2011 Order [Docket Entry #25] on Plaintiff's Motion for Reconsideration [Docket Entry #21], the Court stated that "Plaintiff is not precluded from filing a new request for injunctive relief, given any relevant new developments...."  Apart from the substantive aspects of the case, Plaintiff's original Emergency Application for Temporary Injunction, which was denied and which the Court refused to reconsider, was filed *pro se*.  Since that time, Plaintiff has retained counsel, which may be considered a relevant new development since the original filing.

2.      On or about July 24, 2006, Plaintiff executed the Equity Optimizer Credit Agreement, a home equity line of credit (the "Note" or "HELOC"). *See* Exhibit B. The HELOC was made with "Compass Bank." In connection with the HELOC, Plaintiff executed a Homestead Lien Contract and Deed of Trust ("Trust Deed") in favor of Compass Bank, conveying the subject properties in trust for the purposes recited therein. *See* Exhibit C. Compass Bank was identified as the "Lender" in both the Note and Deed of Trust.

3.      On June 1, 2009, a substitute trustee was appointed in connection with the Note via an Appointment of a Substitute Trustee (the "Appointment"). *See* Exhibit D. While the Appointment identified the original beneficiary under the Trust Deed, it did not identify the current holder of the Note and Trust Deed. To the contrary, the Appointment stated, "The original beneficiary has been acquired by Banco Bilbao Vizaya Argentaria (BBVA) and is now a part of the BBVA family of banks. Compass Bank is acting as the servicer of this property."

4.      A Notice of Substitute Trustee's Non Judicial Foreclosure Sale was sent to Plaintiff in advance of the foreclosure. *See* Exhibit E. The Notice identified Banco Bilbao Vizaya Argentaria as the "current beneficiary under the Trust Deed **if another lender holds the loan or servicer of the loan**" (emphasis added).

5.      A substitute trustee's sale was conducted on May 3, 2011, at which time "Compass Bank" claims to have purchased the property in question. *See* Exhibit F, Substitute Trustee's Foreclosure Deed.

6.      Over four years before the substitute trustee's sale, on or about February 16, 2007, Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") announced its acquisition of Compass Bankshares, Inc. (the parent company of Compass Bank). *See* Exhibit G, Compass Bancshares' press release. The transaction was formalized in the "Transaction Agreement" between BBVA and

Compass Bancshares. *See* Exhibit G (selections of the Transaction Agreement; in the interest of brevity, the entire 78-page agreement is not being attached).[2]

7.      Page One of the Transaction Agreement states, in part, that Compass Bancshares would create a subsidiary of itself (the "Virginia Company Sub") and merge with and into the Virginia Company Sub, with Virginia Company Sub surviving the merger. Virginia Company Sub, as the surviving corporation, would become a wholly owned subsidiary of BBVA. *See* Exhibit H at p. 1.

## II.  RELIEF REQUESTED

### A.    *Temporary Restraining Order*

8.      Plaintiff seeks a temporary restraining order from this Court, restraining Defendant and their agents, including but not limited to the constable of Dallas County, Texas on their behalf, from evicting Plaintiff and all occupants from the property in question. It is essential that the Court act immediately because a 24 Hour Notice to Vacate was served on Plaintiff at 4:57 p.m. on October 6, 2011, advising that a moving crew will be at the property as early as within 24 hours to remove the occupants and their property. *See* Exhibit I. The imminent eviction, for which Plaintiff maintains Defendant has no legal right, for the reasons set forth in this Application, poses a real and imminent threat of irreparable injury to Plaintiff. Should the eviction take place, Plaintiff will be wrongfully deprived of his real estate.

9.      If Defendant and its agents, including the Dallas County constable on their behalf, are not immediately enjoined as prayed for herein, Plaintiff will suffer damages that are not capable of precise calculation. Because of the uncertain nature of these damages, Plaintiff has no adequate

---

[2] The entire Transaction Agreement has been published to the public by Compass/BBVA on its website http://media.corporate-ir.net/media_files/irol/77/77589/transaction07.pdf (site last checked 10/5/2011).

-remedy at law for Defendant's improper eviction.   The actions of Defendant will cause Plaintiff immediate and irreparable harm unless such actions are enjoyed by this Court.

10.    Plaintiff is likely to prevail on the merits and to receive judgment on his claims for declaratory relief and damages in the lawsuit referenced above.

11.    The risk of irreparable injury to Plaintiff should this application be denied far outweighs the risk of harm to Defendant should the application be granted.

12.    A claim for wrongful foreclosure would not make Plaintiff whole.   The elements of a wrongful foreclosure cause of action are:  1) a defect in the foreclosure sale proceedings, 2) a grossly inadequate sale price, and 3) a causal connection between the defect and the grossly inadequate sale price.   *See Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex.App.–Corpus Christi 2008, no pet.).   If it is determined that Defendant sold Plaintiff's house at foreclosure for a price around fair market value–<u>even if it had no legal right to do so</u>–Plaintiffs could not establish a wrongful foreclosure cause of action.   In effect, Plaintiff could have his house wrongfully foreclosed upon, be evicted, and still have no legal cause of action to bring for these wrongs.

13.    Accordingly, Plaintiff seeks a Temporary Restraining Order that enjoins Defendant BBVA Compass, and their agents, including but not limited to the constable of Dallas County, Texas on their behalf, from evicting Plaintiff and all other occupants from the property in question at 4115 La Place Drive, Dallas, Dallas County, Texas.

**B.    *Preliminary Injunction***

14.    Plaintiff asks the Court to set his Application for Preliminary Injunction for ruling, and after hearing the Application, issue a Preliminary Injunction against Defendant and their agents, including but not limited to the constable of Dallas County, Texas on their behalf, to remain in full

force and effect during the pendency of Plaintiff's suit against Defendant, enjoining the same conduct and incorporating the same terms as requested in Paragraph 13 above, for the Temporary Restraining Order.

### III.  ARGUMENT AND AUTHORITIES

15.     The purpose of a temporary restraining order and preliminary injunction is to preserve the status quo of the subject matter of the litigation and prevent irreparable harm until a hearing can be held on the injunction, and then pending trial.  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974); *University of Tex. v. Camenisch*, 451 U.S. 399, 395 (1981). In this case, the status quo being sought is Plaintiff's possession of the property in question.

*A.*     *Irreparable Harm*

16.     In order to obtain injunctive relief, Plaintiff must demonstrate that he will suffer irreparable harm.  *See Sampson v. Murray*, 415 U.S. 61, 88-89 (1974).  The undisputed facts establish this element.

17.     Plaintiff is at immediate risk of being evicted from the property in question. Defendant BBVA Compass has initiated eviction proceedings, and the 24-Hour Notice To Vacate advises Plaintiff he and his personal property will be removed from the property in question as soon as 4:58 p.m. on Friday, October 7, 2011.

18.     Eviction would necessarily result in Plaintiff's loss of real property.  Every piece of property is considered unique.  *See Greater Houston Bank v. Conte*, 641 S.W.2d 407, 410 (Tex.App.–Houston [14th Dist.] 1982, no writ].  As a result, Plaintiff would be irreparably harmed because he could not simply replace his property with something identical, because there is nothing identical.  *See generally Met. Life Ins. Co. v. La Mansion Hotels & Resorts, Ltd.*, 762 S.W.2d 646, 652 (Tex.App.–San Antonio, 1988, writ dism'd).

**B.** *Substantial Likelihood of Success*

19.     To be entitled to injunctive relief, Plaintiff must show that there is a likelihood that he will succeed on the merits of his case.  *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). Plaintiff need not prove that he will ultimately prevail.  *See Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985).

20.     In the present case, the facts demonstrate a likelihood that Plaintiff will succeed on the merits of his claims against Defendant BBVA Compass.  Material questions remain about whether Defendant had a right to foreclose on Plaintiff's property and hence, evict him from the premises.

21.     First and foremost, the foreclosure was brought in the name of "Compass Bank." However, Compass Bancshares, Inc., the parent of Compass Bank, had merged into a new corporation (the "Virginia Company Sub"), and "Compass Bancshares" ceased to exist.  *See generally* Exhibit G at p. 1.  In their foreclosure proceeding, Defendant presented no evidence that the Note and/or Deed of Trust was ever assigned from "Compass Bank" to BBVA.  If BBVA had no interest in the Note or Trust Deed, it follows that it had no right to declare a default, accelerate the debt, appoint a substitute trustee, conduct a trustee/foreclosure sale, and ultimately evict Plaintiff from the property in question.

22.     The distinctions between the different corporate entities should not be overlooked, even if there is a similarity in name.  Notwithstanding the fact that a parent corporation owns the entire capital stock of the subsidiary corporation, the two corporations are separate legal entities, and, whatever may have been the motive leading to their separate existence, they can only be regarded as separate entities for the purpose of legal proceedings. *See Rimes v. Club Corporation of America*, 542 S.W.2d 909 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

23.     Subtle details in the Note and Trust Deed also demonstrate irregularities about Defendant's handling of the foreclosure and calling into question its rights to conduct the trustee's sale.

24.     The Trust Deed identified the loan as "Loan No. 4355767000052172" on the top of each page.  However, the Appointment of Substitute Trustee identifies it as Loan number xxx5766000071448, as does a post-foreclosure Notice to Vacate from Defendant's agent, the law firm of Stevenson & Ricker.  *See* Exhibit J.  The Notice of Substitute Trustee's Sale also identifies the Note as Loan number xxx5766000071448.

25.     The difference in these two numbers is much more than just a one digit typo.  Rather, the two numbers are completely different.  The irregularities in these two account numbers are troubling for multiple reasons.  First, it calls into question whether the correct loan was foreclosed upon and whether the proper procedures were followed.  Secondly, a mistake this glaring and careless (after all, the loan number was on the top of each page of the Trust Deed) begs the question of what other mistakes took place out of the sight of Plaintiff and the Dallas County Clerk's office (where these documents were recorded).  At a minimum, this warrants maintenance of the status quo during the course of this litigation.

26.     Finally, questions remain as to whether Defendant maintained the Note and Trust Deed or whether they were securitized.  Common industry practice at the time the Note was made was securitization.  Securitization refers to the process whereby individual mortgages are converted into marketable securities.  In a typical securitization deal, the loan originator begins the first of several assignments of the loan until it is eventually owned by an asset-backed trust (sometimes referred to as a special purpose vehicle or entity).  It is that trust that becomes the actual owner and beneficiary of the debt instrument, not the originator or the intervening parties.

27.     Thousands of individual loans are pooled in these trusts, and the stream of income from the underlying mortgage payments is distributed to the trust's owners.

28.     An April 30, 2004 article in *Asset-Backed Alert*, an industry trade publication dealing with securitization, examined Compass Bank's interest in the securitization market.  *See* Exhibit K. The article stated that as early as 2004, "Compass Bank is in the early stages of planning the [securitization] program...[and is] leaning toward securitizing its home-equity credits first."  *Id.* at p. 1.  Plaintiff's loan was a home-equity line of credit, which would seem to fall squarely within the types of loans Compass Bank would be securitizing first.  This raises additional questions as to whether Plaintiff's loan was securitized that warrant maintenance of the status quo.

## IV.  CONCLUSION

29.     Plaintiff faces very real and very imminent harm.  He is within 24 hours of being physically removed from his property.  The evidence demonstrates a likelihood of success on the merits of his case, which seeks declaratory relief, quiet title to his property, and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the following:

A)     That the Court issue a Temporary Restraining Order that immediately enjoins Defendant, and their agents, including but not limited to the constable of Dallas County, Texas on their behalf, from evicting Plaintiff and all occupants from the property in question at 4115 La Place Drive, Dallas, Dallas County;

B)     That upon notice and hearing, the Court issue a Preliminary Injunction that enjoins Defendants, and their agents, including but not limited to the constable of Dallas County, Texas on their behalf, from evicting Plaintiff and all occupants from the property in question at 4115 La Place Drive, Dallas, Dallas County during the pendency of Plaintiff's lawsuit against Defendants;

C)     That the Court establish the reasonable amount of a security bond, if found to be necessary; and

D)     Such other and further relief to which Plaintiff may show himself to be entitled at law or equity.

Respectfully submitted,

**DUKE LAW OFFICE, P.C.**


/s/ Walker M. Duke
_____
WALKER M. DUKE
Texas Bar No. 24036505
wduke@dukelawpc.com
2911 Turtle Creek Boulevard
Suite 300
Dallas, Texas 75219
(214) 523-9033 Telephone
(214) 515-0180 Facsimile

**ATTORNEYS FOR PLAINTIFF**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 6th day of October, 2011, a true and correct copy of the foregoing instrument was forwarded to all counsel of record via the Court's electronic filing system.


/s/ Walker M. Duke
_____
**WALKER M. DUKE**