IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES W. MORRIS, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>BBVA COMPASS f/k/a COMPASS BANK )<br>)<br>*Defendants*. )<br>) | Case No. 3:11-cv-01148-M<br>ECF |

**DEFENDANT BBVA COMPASS'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S AMENDED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant BBVA Compass files this Supplemental Response to Plaintiff James W. Morris' ("Morris" or "Plaintiff") Amended Application for Temporary Restraining Order and Preliminary Injunction (the "Amended Application").

**I. ADDITIONAL ARGUMENTS AND AUTHORITIES**

**A. Plaintiff's Request For Injunctive Relief is A Collateral Attack On The JP Judgment and County Court Judgment. Consequently, Plaintiff's Request For Injunctive Relief Should Be Denied.**

**(i) This Court Lacks Subject-Matter Jurisdiction To Consider Plaintiff's Right Of Possession**

Subject-matter jurisdiction over forcible detainer actions is given exclusively to the Justice Court of the precinct where the property is located and, on appeal, to County Courts at Law *de novo*. *See* TEX. PROP. CODE § 24.004; *Rice v. Pinney*, 51 S.W.2d 705, 708 (Tex. App. — Dallas 2001, no pet.) (citing *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex. Civ. App.—Corpus Christ 1980, writ ref'd n.r.e.). The sole issue decided in an eviction proceeding in

Justice Courts and/or County Courts at Law is possession.[1]  "A justice court is expressly denied jurisdiction to determine or adjudicate title to land." *Rice v. Pinney*, 51 S.W.3d at 708.

In the context of a forcible detainer action, when a Justice Court or County Court at Law renders a final order, other courts are not permitted to interfere with the enforcement of that order by the issuance of an injunction so long as such order relates exclusively to possession of property. *Id.* at 713; *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d at 913-14.  However, this does not prevent a plaintiff from filing a separate lawsuit to determine title or for money damages allegedly resulting from wrongful foreclosure. *Id.*  Nonetheless, such claim is for damages and is separate and distinct from a determination of right to immediate possession.  This separate lawsuit may be pursued concurrently with the forcible detainer action. *Rice*, 51 S.W.3d at 709; *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).  Nevertheless, a district court may not interfere with a Justice Court or County Court at Law's findings regarding the right of possession unless title and possession are so intertwined that they cannot be separately determined. *See Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

The *Rice* decision is the most cited case for the proposition that a District Court may maintain a lawsuit for wrongful foreclosure or rescission concurrently while a Justice Court has exclusive jurisdiction to determine which party is entitled to possession of the property during the pendency of the District Court litigation. In such case, the court made the following ruling:

---

[1] *See, e.g., Cuellar v. Martinez*, 625 S.W.2d 3 (Tex. Civ. App.—San Antonio 1981, no writ); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913-914 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.); *Young v. Pulaski Bank & Trust*, 579 S.W.2d 294, 295 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.); *Slay v. Fugitt*, 302 S.W.2d 698, 701-702 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.).  *Black v. Washington Mut. Bank*, 2010 WL 1948335 at * 4 (Tex. App.—Houston [1st Dist.] May 13, 2010, no pet.) (not yet released for publication); *Rice v. Pinney*, 51 S.W.3d 705, 711-714 (Tex. App.—Dallas 2001, no pet.); *Herrera v. Household Fin. Corp. III*, 2009 WL 1154704 at * 3 (Tex. App.—San Antonio Apr. 29, 2009, no pet.) (mem. op.).

> "the Rices argue that because their district court suit raised the issue of title to the property, they automatically removed the possession issue from the jurisdiction of the county court at law. According to the Rices, the issues of title to the (Page 710) property and possession of the property are inseparable, and it is unreasonable to determine possession of real estate without first determining who holds its title. We disagree. Contrary to appellants' assertions, not only can the right to immediate possession be determined separately from the right to tile in most cases, but the Texas Legislature purposely established just such a system."

Indeed, the Texas Legislature "has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, *without resorting to an action upon the title.*" *Rice*, 51 S.W.3d at 710 (quoting *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)); *see also Meridien Hotels, Inc. v. LHO Fin. P'ship, I L.P.*, 97 S.W.3d 731, 738 (Tex. App. — Dallas 2003, no pet.) (criticizing the Justice Court Judge for abating forcible entry suit pending disposition of district court lawsuit). If a party can enjoin the enforcement of a judgment for possession merely by seeking an injunction in a separate suit in another court, the speed and simplicity which such proceedings are supposed to have would disappear, as they have in this case. This clearly was not the Legislature's intent.

### (ii) The Issue Of Possession Is Subject To A Final Judgment

By way of the Amended Application, Plaintiff seeks to ignore the County Court Judgment and requests the Court to enter a temporary injunction preventing BBVA Compass from obtaining possession of the Property. However, this Court may not grant such relief because the Justice Courts and County Courts at Law, when appeal is applicable, have exclusive jurisdiction over claims involving the right of possession of real property subsequent to a foreclosure sale. Because Plaintiff failed to file a supersedeas bond, the County Court Judgment is now final. Accordingly, the issue of possession is now final and not within this Court's subject-matter jurisdiction.

### (iii) A Temporary Injunction Would Not Preserve the Status Quo

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation until a final hearing can be held on the merits of the case. *Butnaru v. Fort Mort Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see also Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). The status quo is the last actual, peaceable, noncontested status that preceded the controversy. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). Attempting to avoid the County Court Judgment is not preserving the status quo. To the contrary, the status quo would be preserved by providing BBVA Compass with possession of the Property, as it is entitled to under such Judgment. In a factually analogous case to the dispute at issue, the court found an injunction was improper because the issuance of injunctive relief would not have protected the last peaceful, noncontested status of the parties, which it found had been established by the unappealed judgment for possession issued by the Justice Court. *See Young v. Pulaski Bank & Trust*, 579 S.W.2d 294-295 (Tex. Civ. App. — Dallas 1979, writ ref'd n.r.e.). Accordingly, because the right of possession has previously been determined in this case, an injunction would not be proper as it would not preserve the status quo.

## II. CONCLUSION

For the reasons set forth herein and in BBVA Compass's original response, Plaintiff's Amended Application for Temporary Restraining Order and Injunctive Relief should be denied.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/Brian W. Clark
    Michael A. Logan
    State Bar No. 12497500
    Brian W. Clark
    State Bar No. 24032075

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone:   (214) 777-4294
Facsimile:    (214) 777-4299

**ATTORNEYS FOR DEFENDANT BBVA COMPASS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served, via the Court's electronic filing system, on the 7th day of October, 2011, upon the following:

**VIA: ELECTRONIC FILING**
Walker M. Duke
**DUKE LAW OFFICE, P.C.**
2911 Turtle Creek Blvd., Suite 300
Dallas, TX  75219

/s/Brian W. Clark
Brian W. Clark